**In the Matter of Christopher T. SMITH, Respondent.**

**No. 30S00–1205–DI–250.**

Supreme Court of Indiana.

Oct. 1, 2012.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint, the affidavit, and the briefs of the parties, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On April 19, 2012, Respondent was convicted on a guilty plea to the following offense under Indiana law: Operating While Intoxicated with Minor Passenger, a class D felony. Respondent admits that he endangered his three minor children, who were passengers in his car, as well as members of the public, by driving while intoxicated.

Respondent cites the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent immediately contacted the Commission and the Indiana Judges and Lawyers Assistance Program ("JLAP") after his arrest; (3) Respondent has been cooperative with the Commission; (4) Respondent's misconduct was not due to a dishonest or selfish motive; (5) Respondent has executed a monitoring agreement with JLAP and is fully compliant with it; (6) Respondent has successfully completed an intensive out-patient program at Fairbanks Hospital and continues participation in aftercare and Alcoholics Anonymous; (7) according to JLAP, his prognosis is good due to his commitment to recovery and his remorse. Respondent's JLAP clinical case manager believes that Respondent's clinical needs would be best served by continuing to practice law and continuing to be monitored by JLAP.

**Violation:** Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in "Respondent's Submission on Sanction," which include:

(1) Respondent shall continue compliance with his JLAP monitoring and with participation in Alcoholics Anonymous and individual therapy.

(2) Respondent shall refrain from all mind-altering substances, including alcohol, except as prescribed.

(3) Respondent shall have no violations of the law or the Rules of Professional Conduct during his probation.

(4) Any material breach of his probation will subject Respondent to active service of his stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.